UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DENNIS and DONNA REYNOLDS,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| **SOUTHERN FARM BUREAU** § | SA-06-CV-0700 RF | |
| **CASUALTY INSURANCE CO. and** § | | |
| **TEXAS FARM BUREAU** § | | |
| **INSURANCE CO.,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM AND RECOMMENDATION**

TO:   Honorable Royal Furgeson
     United States District Judge

The purpose of this memorandum is to recommend summary judgment in this case. I have authority to make this recommendation pursuant to the district court's order of referral.[1]

**Nature of the Case**

This dispute arose from flood damage that occurred on July 6, 2002 to a dwelling and storage building owned by plaintiffs Dennis and Donna Reynolds. The Reynolds insured the dwelling and the storage building under the National Flood Insurance Program (NFIP) with defendant Southern Farm Bureau Casualty Insurance Company (the insurer). The Reynolds allege that the insurer mishandled their damage claims, violated the National Flood Insurance Act, and breached their standard flood insurance policy (SFIP).[2] The Reynolds further assert that the

---

[1]Docket entry # 62.

[2]*See* docket entry # 16.

insurers waived the terms, notices and requests under the policy such that the insurer is estopped from asserting that the Reynolds failed to comply with the terms of the insurance policies. The insurer has moved for summary judgment.

### Jurisdiction

The district court has jurisdiction over this case under 28 U.S.C. § 1331 because the claims arise under federal law—the National Flood Insurance Act.

### Whether the Insurer Is Entitled to Summary Judgement

The insurer maintains that it is entitled to dismissal of the Reynolds's claims because the Reynolds did not submit a timely proof of loss for additional benefits.[3] The summary-judgment evidence shows that the facts supporting this position are undisputed. The Reynolds own a vacation home located near a river. The property includes a storage building where the Reynolds store equipment. The Reynolds purchased flood insurance for both structures through the NFIP.

The NFIP is codified in chapter 61 of title 44, United States Code, and is administered by the Federal Emergency Management Agency (FEMA) pursuant FEMA's regulations. Payments awarded under a FEMA flood insurance policy are funded by the federal treasury.[4] One of the ways FEMA provides flood insurance is through a program called "Write Your Own."[5] Under that program, private insurance companies issue flood insurance policies in their own names under

---

[3]Docket entry # 43, p. 1.

[4]*See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[5]*See* FEMA's brochure, "National Flood Insurance Program Description," *available at* www.fema.gov.

the NFIP.  The standard flood insurance policy (SFIP)—set forth in FEMA's regulations[6] —specifies the terms and conditions of an insurance contract between a "Write Your Own" insurer and the insured.

The Reynolds contracted with the insurer for flood insurance using a SFIP.  Under the policy, the insurer will pay the insurer for direct physical loss by or from flood to insured property if the insured complies with all terms and conditions of the policy.[7]  The policy requires the insured to send the insurer a proof of loss within 60 days of the loss.[8]  The policy explains that the insurance adjuster hired to investigate the claim may furnish the insured with a proof of loss form and assist the insured with completing the form, but warns that "this is a matter of courtesy only, and [the insured] must still send [the insurer] a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help [the insured] complete it."[9]  The policy further provides that no policy provision can be waived without FEMA's express written consent and that no act the insurer takes under the terms of the policy constitutes a waiver of any of the insurer's rights.[10]

In this case, the Reynolds initially signed a proof of loss for damage from the July 6, 2002 flood in the amount of $16, 101.76.[11]  That proof of loss was signed on November 19, 2002 and

---

[6]*See* Appendices A & B of 44 C.F.R. § 61.

[7]*See* Appendix A of 44 C.F.R. § 61, p. 274, section I. Agreement.

[8]*See* Appendix A of 44 C.F.R. § 61, p. 283, subsection J, ¶ 4.

[9]Appendix A of 44 C.F.R. § 61, p. 283, subsection J, ¶ 7.

[10]*See* Appendix A of 44 C.F.R. § 61, p. 282, subsection D.

[11]Docket entry # 43, exh. 5.

3

covered only the vacation home. Although the Reynolds signed the proof of loss after the 60-day deadline for providing a proof of loss, the insurer sought and obtained a waiver from FEMA. Upon receipt of the waiver, the insurer paid the Reynolds the amount of $16, 101.76.[12] Almost two and a half years after the July 6, 2002 loss date—and after a second flood damaged the vacation home and storage building[13]—the Reynolds submitted two additional proof of loss forms for damage from the July 6, 2002 flood—one in the amount of $51,538.10 for damage to the vacation home[14] and another in the amount of $6,206.89 for damage to a storage building.[15] Those proof of loss forms were signed on December 29, 2004. The insurer sought waivers for the December 29, 2004 proof of loss forms,[16] but FEMA did not grant waivers because the Reynolds "repaired the damages before the property was inspected."[17] Because no waiver was granted, the insurer made no further payments for the July 6, 2002 loss. The difference in the amount initially paid for the July 6, 2002 loss ($16,101.76) and the amount claimed by the December 29, 2004 proof of loss forms ($51,538.10 plus $6,206.89)—or $41,643.23—is what this lawsuit is about.

    The summary-judgment evidence establishes that the Reynolds failed to submit a timely

---

[12] Docket entry # 43, exh. 1.

[13] The Reynolds submitted proof of loss forms for the damage that occurred on November 22, 2004 when the vacation home and storage building were flooded again. Those claims were approved and the Reynolds were paid for their losses.

[14] Docket entry # 43, exh. 7.

[15] Docket entry # 43, exh. 6.

[16] Docket entry # 43, exhs. 8 & 9.

[17] Docket entry # 43, exh. 11.

4

proof of loss for the additional $41,643.23, but the Reynolds maintain that the insurer is estopped from asserting that they failed to comply with the terms of the insurance policies. Although the Reynolds presented summary judgment evidence indicating that the insurer's adjuster underestimated the damages from the July 6, 2002 flood and that they signed the first proof of loss as an estimate of their damages, I have located no legal authority to support an estoppel argument.

The United States Court of Appeals for the Fifth Circuit has explained that FEMA's regulations require "strict adherence . . . to all terms of the SFIP," including the requirement that an insured provide a proof of loss within 60 days of the date of loss.[18] "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[19] In explaining why strict adherence to policy terms is required and why estoppel cannot be used to avoid the requirement that an insured submit a timely proof of loss, the court of appeals has reasoned as follows:

> Although the . . . policy was written by . . . a private insurance company, payments made pursuant to that policy are "a direct charge on the public treasury." When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution. "Any exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid reservation of congressional control over funds in the Treasury."[20]

On facts similar to the facts in this case, the court of appeals found the doctrine of estoppel inapplicable, explaining that the "Supreme Court has made clear that 'judicial use of the equitable

---

[18] *See Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

[19] *Gowland*, 143 F.3d at 954.

[20] *Gowland*, 143 F.3d at 955 (citations omitted).

5

doctrine of estoppel cannot grant [an insured] a money remedy that Congress has not authorized.'"[21] Other circuits take the same approach.[22] The insurer is entitled to summary judgment on the Reynolds's claims that the insurer mishandled their damage claims, violated NFIA, and breached the SFIP because the Reynolds did not submit a timely proof of loss for the additional payments sought. The Reynolds's failure to provide a timely proof of loss form for the additional payments as required by the SFIP relieved the insurer's obligation to pay even if the untimely proof of loss forms represented what otherwise might be a valid claim.[23]

## Recommendation

The insurer has demonstrated that it is entitled to summary judgment on the Reynolds' claims that the insurer mishandled their damage claims, violated NFIA, and breached the SFIP. To the extent that the Reynolds seek to hold the insurer liable for state law tort claims, those claims are preempted by federal law.[24] The district court should dismiss any state law tort claim.

---

[21] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005).

[22] *See Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007) ("Equitably estopping [the insurer] from raising the failure to file a proof of loss as a defense would allow the erroneous letter from [the insurer] to alter the requirements for the disbursal of federal funds."); *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005) ("While we apply standard insurance principles to construe the SFIP, general doctrines of waiver and estoppel do not apply when the insurer is an agent of the United States."); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 735 (8th Cir. 2001) ("[T]he Supreme Court has made clear that estoppel cannot be used to compel the government to pay money from the federal treasury beyond the limits of a congressional appropriation."). *See also Neuser v. Hocker*, 246 F.3d 508, 511-12 (6th Cir. 2001) (deciding that a claimant under a SFIP cannot avoid strict enforcement of the 60-day proof-of-loss requirement, except through a valid FEMA waiver).

[23] *See Gowland*, 143 F.3d at 954.

[24] *See Wright*, 415 F.3d at 390 ("We join these circuits in holding that state law tort claims arising from claims handling by a WYO are preempted by federal law."); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 950 (6th Cir.2002) ("The claims asserted by plaintiffs clearly are preempted by NFIA

The district court should dismiss Texas Farm Bureau Insurance Companies as a defendant. The insurer asserted in its answer that no such entity exists.[25] The Reynolds have never responded to that position. Nothing in the record indicates that Texas Farm Bureau Insurance Companies is a proper defendant in the case. I recommend GRANTING the insurer's motion for summary judgment (docket entry # 43) and DENYING all other motions as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[26] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in

---

and are within the exclusive jurisdiction of the federal courts.").

[25]*See* docket entry # 3, ¶ 3; docket entry # 20, p. 2.

[26]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

this report shall bar the party from a *de novo* determination by the district court.[27]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[28]

**SIGNED** on March 13, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[28]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).